IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:25-cr-532-S |
| EULOGIO MENDOZA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER OF DETENTION**

In an Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated October 14, 2026, United States District Judge Karen Gren Scholer has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been by clear and convincing evidence whether there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Eulogio Mendoza should not be detained under § 3143(a)(2) and whether it has been shown by clear and convincing evidence that Defendant Eulogio Mendoza is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. Nos. 30 & 31.

**Background**

Defendant is set for sentencing before Judge Scholer on January 28, 2027. *See* Dkt. No. 28.

"[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries

governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

On October 31, 2025, the undersigned United States magistrate judge released Defendant subject to an Order Setting Conditions of Release. *See* Dkt. No. 8.

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be

granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant filed a Motion for Continued Pretrial Release. *See* Dkt. No. 33.

The Court held a hearing on November 9, 2026 on the matters referred by Judge Scholer, at which Defendant appeared in person and through counsel and the government's counsel appeared.

**Legal Standards and Analysis**

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of a violation of 21 U.S.C. § 841. *See* Dkt. Nos. 24, 25, 30, & 31. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the

community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App=x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)).

As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that he can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has

recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 30], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. ' 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

As Defendant explains in his Motion for Continued Pretrial Release, he

> requests that, pursuant to 18 U.S.C. §§ 3143 and 3145(c), this Court continue Mr. Mendoza's pretrial release pending sentencing because: (1) Mr. Mendoza does not pose a danger to anyone or to the community and he is not a flight risk; and (2) exceptional circumstances exist to support Mr. Mendoza's continued pretrial release. In support, Mr. Mendoza shows the following:
>
> Applicable to Mr. Mendoza, § 3143(a)(2) mandates his detention. This mandate triggers § 3145(c), which will allow the release of Mr. Mendoza, if he first meets the requirements of § 3143(a)(1)—he must show "by clear and convincing evidence that . . . [he] is not likely to flee or pose a danger to the safety of any other person or to the community[,] if released . . . ." § 3143(a)(1); *see* § 3145(c). If Mr. Mendoza meets this first requirement, he must then meet the second and last requirement—

Mr. Mendoza must "clearly show[] that there are exceptional reasons why such a person's detention would not be appropriate." § 3145(c).

**I. Mr. Mendoza Is Not a Flight Risk or a Danger to the Community**

Almost exactly one year ago, on October 31, 2025, Mr. Mendoza made his initial appearance before this Court. Though the government initially moved to detain Mr. Mendoza, the government withdrew the Motion. The Court then set conditions of release. (*See* Dkt. Nos. 3, 9). Since that date, there have been no reports of Mr. Mendoza violating the conditions of release. Pretrial Services has confirmed that it has had no issues with his supervision and that he has consistently kept his supervising officer informed of developments in his personal circumstances. On July 23, 2026, the parties filed plea paperwork that resulted in a plea to a controlled substance offense with a statutory range of 0-20 years of imprisonment. (*See* Dkt. Nos. 24-26). At the rearraignment on September 29, 2026, there was no finding that Mr. Mendoza was a risk of flight or a danger to the community, which would require his immediate detention. On October 15, 2026, this Court ordered that Mr. Mendoza file a Motion for Continued Pretrial Release due to statutory requirements related to the statute of conviction. (*See* Dkt. No. 32). In sum, Mr. Mendoza has remained on bond without incident since October 31, 2025, and Mr. Mendoza contends that he has met his burden on the first of the two requirements pursuant to §§ 3143(a)(1); 3145(c); *cf. United States v. Morales*, No. 3:20-cr-533-E, 2022 WL 1266029, *1-2 (N.D. Tex. April 27, 2022) (unpublished).

**II. Exceptional Reasons Warrant Mr. Mendoza's Continued Release Pending Sentencing**

The second requirement under § 3145(c) is whether exceptional reasons make detention inappropriate. Although the statute does not define "exceptional reasons," courts have described them as a "unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. Morales*, No. 3:20-CR-533-E, 2022 U.S. Dist. LEXIS 76319, at *5 (N.D. Tex. Apr. 27, 2022) (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)). Courts have generally found that ordinary family responsibilities, employment, and compliance with pretrial supervision do not independently constitute exceptional reasons. *See Morales*, 2022 U.S. Dist. LEXIS 76319, at *6–7. Nevertheless, Morales recognized that caregiving responsibilities may warrant exceptional treatment where the defendant demonstrates a specific need for his assistance. *Id.* at *8.

This Court has also recognized that circumstances which may not

individually qualify as exceptional can, when considered together, warrant continued release. In *United States v. Do*, No. 3:21-CR-256-S, the Court acknowledged that the defendant's individual circumstances likely would not rise to the level of exceptional reasons. Considering those circumstances collectively, however, the Court found that they presented a sufficiently unusual combination to justify continued release pending sentencing. *See* Dkt. No. 24.

Mr. Mendoza's circumstances warrant that same individualized consideration. His responsibilities toward his children and medically vulnerable father, his family's ongoing financial instability, and the limited availability of alternative caregivers are closely intertwined. His income and flexible work schedule help sustain both his household and the caregiving arrangements on which his father and sister depend. Viewed individually, these circumstances may not be extraordinary. But considered together, they present an unusual combination of hardships that would be substantially exacerbated by his immediate detention. It is this combination of circumstances, and the difficulty of replacing the support Mr. Mendoza provides, that he constitutes exceptional reasons warranting his continued release under § 3145(c).

**A. His father's medical needs and the limited availability of other caregivers**

Mr. Mendoza's father suffers from significant medical conditions that limit his independence. He suffered an ischemic stroke in March 2024 and has substantial vision impairments resulting from diabetes-related complications, including diabetic retinopathy. *See* Ex. 1 (Medical Records of Mr. Mendoza's Father). He cannot drive and relies on his adult children for assistance, including transportation to medical appointments. *See* Ex. 2A (Letters from Vivian Mendoza).

Mr. Mendoza shares responsibility for his father's care with his sister, Vitian, but he is primarily responsible for taking their father to medical appointments and surgeries and picking up his medications. *Id.* Vitian is a single mother of three who works in dispatch at the same company as Mr. Mendoza. She helps coordinate his work schedule around their father's appointments so that he can provide transportation and assistance when needed. *Id.* Without his help, Vitian would be left to balance their father's ongoing medical needs with her own employment and childcare responsibilities.

In *United States v. Lee*, No. 3:19-CR-12-S, Magistrate Judge Horan granted continued release where the defendant's circumstances included employment, compliance with pretrial supervision, responsibilities toward his children, and assistance to his mother, who

had suffered strokes. *See* Dkt. No. 162, at 8-9 (Oct. 1, 2019). As in Lee, Mr. Mendoza's caregiving responsibilities are one part of the combination of circumstances warranting his continued release appropriate under § 3145(c).

**B. His son's developmental needs and the family's childcare arrangements**

Mr. Mendoza is also the father of an eight-year-old son with significant developmental and educational needs. According to his wife, their son was nonverbal between the ages of one and four and received speech and occupational therapy during early childhood. He continues to struggle with speech and has been referred for additional developmental evaluations and speech therapy. *See* Ex. 3A (Medical Referrals). His educational records reflect substantial academic delays. Although he is in the third grade, an August 2026 reading assessment placed his overall reading ability at the kindergarten level, with particular difficulties in phonics and vocabulary. *See* Ex. 3B (School Records).

Mr. Mendoza's wife works Wednesday through Saturday, from 6:30 p.m. to 5:00 a.m., while also devoting approximately 15 to 20 hours per week to her education. *See* Ex. 2E (Statement by Diana Herrera). She previously enrolled in a Pharmacy Technician certificate program and, in October 2026, transitioned to Penn Foster's online Medical Assistant Associate of Science program. *See* Ex. 5 (Diana Herrera's Education Records); Ex. 2E. The couple has historically managed childcare by working opposite shifts or arranging paid childcare, with Mr. Mendoza providing financial support and caring for the children when his wife works. *Id.*

Without his assistance, she anticipates having to suspend her education and potentially leave her employment in favor of more flexible gig work to care for their children. *Id.* The family's limited support network offers few practical alternatives, particularly because Mr. Mendoza's sister is already balancing full-time employment, three children, and responsibility for their father's care. *See* Exs. 2A, 2E. His son's developmental and educational challenges make these already precarious childcare arrangements particularly difficult to replace.

**C. His employment and efforts to support his family despite financial hardship**

Mr. Mendoza has maintained steady employment with Move Solutions since June 2025, where he has established himself as a dependable employee. Three supervisors have provided letters describing his strong work ethic, reliability, and willingness to work long

hours. *See* Exs. 2B-2D (Letters from Move Solutions Supervisors).

Mr. Mendoza has largely been the family's primary financial provider, allowing his wife to remain home with their children for much of their upbringing. He continues to contribute toward her tuition and educational expenses while also covering household expenses when she pays those costs herself. *See* Ex. 2E. Despite his efforts, Mr. Mendoza has struggled financially. His family was evicted from their previous home, spent several months living in a hotel, and lost their vehicle to repossession. Mr. Mendoza nevertheless maintained his employment and eventually secured another apartment for his family. However, they again began falling behind on rent, receiving notices to pay or vacate in September and early October 2026. *See* Exs. 4A-4B (Housing Records). In an effort to improve their financial situation, Mr. Mendoza's Mendoza obtained a second job at an Amazon warehouse on October 23, 2026, completing the required onboarding training. *See* Ex. 6 (Amazon Employment and Training Records). But it was too late. Just five days later, on October 28, they received another notice demanding that they vacate their apartment within one day for nonpayment of rent. *See* Ex. 4C. His continued release allows him to maintain both sources of income while his wife works overnight and pursues her education.

Recently, in *United States v. Blount*, No. 3:25-CR-244-M, Magistrate Judge Rutherford granted continued release pending sentencing under § 3145(c). *See* Dkt. 43 (Oct. 2, 2026). Like Mr. Mendoza, the defendant in Blount pleaded guilty to an offense under 21 U.S.C. § 841(b)(1)(C). His motion emphasized compliance with pretrial supervision, demanding employment responsibilities, and the financial disruption that immediate detention would cause his family. *See* Dkt. No. 32. Mr. Mendoza presents similar considerations, together with the additional caregiving and developmental needs described above.

**D. His post-offense rehabilitation and conduct on pretrial release**

Mr. Mendoza's conduct since his arrest provides further support for continued release. For approximately one year, he has complied with his conditions of pretrial supervision without any reported violations. Rather than merely complying with those conditions, he has demonstrated a sustained commitment to maintaining a productive and law-abiding life despite considerable personal and financial difficulties. Post-offense rehabilitation is a recognized consideration at sentencing. *See Pepper v. United States*, 562 U.S. 476, 490–93 (2011). Although his conduct on pretrial release may not independently constitute an exceptional reason under § 3145(c), it reinforces the case for continued

> release when considered alongside his other circumstances.
> ....
> For the above reasons, Mr. Mendoza requests that this Court find that he is not a flight risk or a danger to the community and that exceptional circumstances have been shown and allow Mr. Mendoza to remain on pretrial release pending his sentencing pursuant to § 3145(c).

Dkt. No. 33 at 1-6.

The Court finds that Defendant has made the required showing that he is not likely to flee or pose a danger to the safety of any other person or the community if continued on release. Defendant has been compliant with his release conditions and does not appear to be likely to flee or pose a danger to others or the community if he remained on release pending sentencing.

The issue of Defendant's presentencing release therefore turns on whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c).

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered

as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.* The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted).

One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2

(E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

But, as Defendant persuasively argues, while the facts that Defendant urges the Court to consider, including his compliance with his conditions of pretrial release and his steady employment and caring for his family, do not individually give rise to a situation that is out of the ordinary., the Court determines that all of the circumstances that Defendant asserts are, taken together at this point in time, a unique combination of circumstances giving rise to a situation that is out of the ordinary that amount to a situation in which Defendant's detention pending his sentencing hearing would not be appropriate.

**Conclusion**

For all the reasons explained above and at the conclusion of the November 9, 2026 hearing, the Court finds that it has been shown by clear and convincing evidence that Defendant Eulogio Mendoza is not likely to flee or pose a danger to any other person or the community if he remains on release pending sentencing under 18 U.S.C. § 3142(c) and that it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Eulogio Mendoza should not be detained under 18 U.S.C. § 3143(a)(2), and so the Court grants the Motion for Continued Pretrial Release [Dkt. No. 33] and orders that Defendant Eulogio Mendoza is

continued on his conditions of release pending sentencing.

SO ORDERED.

DATED: November 9, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE